Deadbrice, J.,
delivered the opinion of the Court.
The complainants, Taylor, and George Tyler and Ms wife Margaret, file this bill to enjoin a judgment of the County Court of Gibson county against complainants Taylor and Margaret Tyler.
Margaret Tyler in 1858 or 1859, and within a short, time after the death of her husband, I). B. Dickson, dissented from his will.
*546 In March, 1860, after such dissent, the other legatees and devisees under the will, filed -their bill in said County Court against said Margaret and others, praying amongst other things for a division of the slaves bequeathed in the will.
In the division several slaves -were allotted to complainant, Margaret, and amongst others, a man named Jim, estimated at nine hundred dollars.
In equalizing the shares of the several claimants, in the slaves, the widow fell in debt four hundred and thirty-eight dollars and eighty-eight cents, due October 1, 1861, with interest from the 20th'April, 1860, for which sum complainant, A. II. Taylor, became her security, and it seems a decree was rendered«in the County- Court against said Margaret and Taylor for the amount due on said decree, in favor of the administrators of said Dickson, deceased.
An execution issued upon said judgment shortly before the bill was filed, and to enjoin its collection, this bill was filed July 80, 1868.
The bill alleges that the slave Jim was diseased and unsound at the time he was allotted to her, and the commissioners were not aware of his condition; that he was in consequence of his disease of little value, and died of said disease in January, 1862, and prays that a set-off be allowed against the aforesaid judgment to the amount of loss occasioned by the unsoundness of said slave.
It is further alleged in the bill that complainant Taylor had purchased complainant Margaret’s *547 interest in tbo personal estate of said Dickson, deceased, but it is not alleged that there are any assets of said estate undistributed, nor that there are no debts remaining unpaid.
The bill further states. that three of the eight legatees of said Dickson, deceased, had, by agreement with complainant Taylor, submitted to arbitration the question whether said judgment should be paid, and the arbitrator had decided that it should not be paid.
The administrators demur to the bill, and for cause show, that there is' no equity in the bill, and that, no fraud or misrepresentation being charged in the bill, the complainants are not entitled to the relief prayed for.
The demurrer was overruled, and the defendants required to answer; from which action of the court defendants appealed.
The case of Brent and Wife v. Brown et als., 8 Head, 560, is referred to as sustaining the right to the relief sought in this bill.
In that case the executors, who by the will were directed to ■ collect certain notes, and pay the money over to the widow and children of testator, prevailed upon them to accept a division of the notes, and undertake the collection themselves, assuring them that all the notes were good. One note allotted to tjie widow turned out to be on insolvent parties, and one of the executors who was also a legatee, was, perhaps, aware of this fact; all the legatees were present when these assurances *548 were given, and assented, at least tacitly, to their truth, and for this reason they were held bound by the representations of the executors; and the widow having received the insolvent note upon these assurances, and by reason of the fiduciary relation in which the executor stood to her, she was held not bound by her acceptance of the note, and the loss was shared by all equally.
In the case in 2 Sneed, 580, certain slaves were sold by order of the circuit court for distribution. One was purchased by Pearson, a stranger to the record, at his full value. Soon after his purchase, Pearson discovered ' that the slave was unsound. At the next term, and before the confirmation of the report of sale, the purchaser presented his petition in the cause, representing that at the time of the sale the slave was unsound, and his unsoundness was then unknown to him, and praying to be released from the purchase. IJpon proof taken, the facts stated in the petition were established, and the purchaser released from his purchase, upon the ground that until the confirmation of the sale, the contract is not executed, and the sale remains subject to the control of the court.
In this case, the implication is very strong that after confirmation, where there is no warranty or fraud on the part of the vendor, the ■ buyer who relies upon his own judgment, must abide the loss arising from defects equally unknown to both parties.
’Without, however determining the correctness *549 of this proposition, or whether the fact of mutual mistake in such a case might not entitle a party to relief, we deem it sufficient for the purposes of this case to say that it is not covered by the principles settled in either of the cases referred to in this opinion.
Complainant Margaret was the widow of testator, and it is a reasonable presumption that she was well acquainted with the condition of all his slaves; and it is remarkable, that, although she charged that said slave was diseased and unsound when allotted to her, she does not state that she was then ignorant of that fact,- nor at what time she discovered it, nor when said slave became diseased. No application seems to have been made to the court in which the case was pending to be relieved from the judgment, nor any. other steps taken to have the order, setting apart said slave to her, rescinded, for a period of seven or eight years after the allotment Avas made, and until the issuance of an execution upon said judgment or decree.
"We do not decide that the complainant might not have had relief -upon a proper application, if it had been made within a reasonable time after the unsoundness of the slave was discovered.
Ve are, therefore, of opinion that the bill upon its face does- not make out such a case as to entitle the complainant to any relief.
The decree of the Chancellor will be reversed, and the bill will be dismissed with costs.